United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| JASON YOUNG, § | CIVIL ACTION NO | |
| Plaintiff, § | 4:24-cv-04848 | |
| § | | |
| vs. § | JUDGE CHARLES ESKRIDGE | |
| § | | |
| TDCJ, § | | |
| Defendant. § | | |

## ORDER OF DISMISSAL

Plaintiff Jason Young filed a complaint alleging violations of his civil rights. On December 10, 2024, the Clerk's office entered a notice of deficient pleading instructing him to pay the filing fee or file an application to proceed *in forma pauperis*, and to file his complaint on a form provided by the Clerk's Office, within thirty days. The notice warned Plaintiff that failure to comply within thirty days could result in dismissal of the case for failure to prosecute. He has not complied with the notice.

A district court may dismiss a lawsuit for failure to prosecute under Federal Rule of Civil Procedure 41(b). *Berry v CIGNA/RSI–CIGNA,* 975 F2d 1188, 1190 (5th Cir 1992). "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases.'" *Id* at 1190–91 (quoting *Link v Wabash RR Co,* 370 US 626, 630–31 (1962)).

Plaintiff's failure to comply with the notice of deficient pleading forces the Court to conclude that he lacks diligence in prosecuting this action. Therefore, under the Court's inherent power to manage its docket, this case is dismissed for want of prosecution. Plaintiff is advised that he may obtain relief from this order under Federal Rule of

Civil Procedure 60(b) if he makes a proper showing.

Accordingly, it is ORDERED that this case is DISMISSED WITHOUT PREJUDICE for want of prosecution.

All pending motions are DENIED AS MOOT.

The Clerk will send a copy of this order to Young.

SO ORDERED.

Signed on January 31, 2025, at Houston, Texas.

*(signature)*
Hon. Charles Eskridge
United States District Judge